UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MJE, L.L.C., ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | No. 4:10CV2054 TIA |
| ) | |
| THE LINCOLN NATIONAL LIFE INSURANCE ) | |
| COMPANY, success or by merger to ) | |
| GUARANTEE LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff/Counterclaim Defendant MJE, LLC's Motion to Dismiss Counterclaim. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I. Background**

On September 16, 2010, Plaintiff/Counterclaim Defendant MJE, LLC ("MJE") filed a Petition in the Circuit Court of St. Louis County, Missouri based on a Promissory Note executed between the parties in May 1998. The Petition requests declaratory judgment against Defendant/Counterclaim Plaintiff The Lincoln National Life Insurance Company ("Lincoln National") and further alleges fraudulent misrepresentation, negligent misrepresentation, and breach of contract pertaining to a pre-payment clause contained in the Note. On October 28, 2010, Lincoln National removed the case to federal court, and on November 4, 2010, it filed a Counterclaim against MJE, seeking expenses and attorneys' fees pursuant to the terms of the Note.

On November 23, 2010, MJE filed a Motion to Dismiss the Counterclaim, asserting that Lincoln National's claim for attorneys' fees fails to state a claim for which relief may be granted under

Fed. R. Civ. P. 12(b)(6) because the provision is unconscionable or, alternatively, the provision applies only to the collection of indebtedness. Lincoln National filed a response on December 7, 2010, stating that the provision is not unconscionable and that the attorneys' fee provision is not limited to collection matters. MJE did not file a reply brief, and the time for filing such brief has expired.

## II. Legal Standards

The United States Supreme Court has held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the

plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

### III. Discussion

In its motion to dismiss, MJE first argues that the attorneys' fee provision is unconscionable because the provision awards attorneys' fees regardless of whether the party prevails. MJE claims that the provision is contrary to Missouri law, which awards attorneys' fees only to the prevailing party. Lincoln National responds that, to the extent the Counterclaim is unclear, Lincoln National only seeks an award of attorneys' fees if it is the prevailing party. Further, Lincoln National argues that, because Missouri law enforces attorneys' fee provisions by awarding such fees to the prevailing party, and because the Promissory Note states that it is governed by the laws of the state where the Premises are located [Missouri], the provision is enforceable.

Alternatively, MJE asserts that the fee provision applies only to the collection of indebtedness and does not apply to Lincoln National's attorneys' fees and expenses incurred by the defense of the MJE's lawsuit. Lincoln National, on the other hand, contends that the provision in question provides

3

for attorneys' fees "in the event that suit is brought" and is not limited to collecting a debt. Lincoln National further argues that the Court should allow further discovery prior to dismissing the Counterclaim.

After thoroughly considering the parties' arguments and the law, the Court will deny MJE's motion. Lincoln National concedes that it seeks only an award of attorneys' fees if it is the prevailing party in this case. Further, Lincoln National correctly states that Missouri law allows an award of attorneys' fees where a contract provides for such an award. Farmland Indus., Inc. v. Frazier-Parrott Commodities, 111 F.3d 588, 591 (8th Cir. 1997). The Note specifically states, "[t]his Note shall be governed by and construed and enforced in accordance with the laws of the state where the Premises are located without giving effect to its conflict of laws principles." (Promissory Note, Doc. #7-1, p. 4) The parties agree that the Premises in this case are located in the State of Missouri.

"Under common law, an unconscionable contract is one 'such as no man in his senses and not under delusion would make, on the one hand, and as no honest and fair man would accept on the other.'" Smith v. Kriska, 113 S.W.3d 293, 298 (Mo. Ct. App. 2003) (quoting Liberty Fin. Mgmt. v. Beneficial Data, 670 S.W.2d 40, 49 (Mo. Ct. App. 1984). To find a contract unconscionable, courts must examine the contract formation process and consider the terms of the contract itself. Cicle v. Chase Bank USA, 583 F.3d 549, 554 (8th Cir. 2009) (citation omitted). In making this determination, Missouri courts "look then to all the evidence surrounding [the] transaction to determine the objectively reasonable expectations of the parties and to the question of unconscionable unfairness imposed upon respondents under the terms of the form contract." Heartland Computer Leasing Corp., Inc. v. Ins. Man, Inc., 770 S.W.2d 525, 528 (Mo. Ct. App. 1989).

As stated above, dismissal under Rule 12(b)(6) is appropriate only where the complaint fails

to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The factual allegations need only raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Here, Lincoln National claims that the terms of the Note, specifically the provision for attorneys' fees, entitles it to the requested relief if it is the prevailing party. To the extent that MJE contends that the provision is unconscionable, such a determination would require this Court to look beyond the face of the pleadings. Therefore, for purposes of the motion to dismiss, the undersigned finds that Lincoln National has stated a claim for which relief can be granted, and MJE's motion to dismiss based on unconscionability will be denied.

MJE also argues that the attorneys' fee provision applies only to a suit brought to compel payment on the note, which is not the subject matter of the present lawsuit. The provision in question provides, "In the event that suit is brought hereon, or an attorney is employed or expenses are incurred to compel the payment of this Note or any portion of the indebtedness evidenced hereby, Maker [MJE] agrees to pay all expenses and attorneys' fees incurred by Holder [Lincoln National]." (Promissory Note, Doc. #7-1, p. 3) Lincoln National claims that the provision allows attorneys fees "in the event that suit is brought hereon" and not merely when expenses are incurred to compel payment.

The undersigned finds that, on the face of the Counterclaim, Lincoln National has stated a claim for which relief can be granted. Certainly, the plain language of the provision is enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. To the extent that contract construction is required, MJE is free to raise this argument again in a motion for summary judgment.[1]

---

[1] The undersigned notes that under Missouri law, "[t]he interpretation and construction of a contract are questions of law . . . ." Stahlhuth v. SSM Healthcare of St. Louis, 289 S.W.3d 662, 670 (Mo. Ct. App. 2009); see also Council Tower Ass'n v. Axis Specialty Ins. Co., 630 F.3d 725,

5

The Motion to Dismiss Counterclaim based on the argument that the provision only applies to the collection of indebtedness will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Counterclaim [Doc. #10] is **DENIED.**

      /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this __12th__ day of May, 2011.

---

728 (8th Cir. 2011). However, the undersigned is not in a position to interpret the contract at this time, as MJE has not addressed National Lincoln's proffered interpretation such that the issue is not sufficiently briefed.